IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBORAH RUFFNER                                                                              PLAINTIFF

v.                          Civil No. 09-2046

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Deborah Ruffner, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g)*.*

**I.      Procedural Background**

The plaintiff filed her application for SSI on May 30, 2006, alleging disability due to carpal tunnel syndrome in her wrists, osteoarthritis in her knees and ankles, poor vision in her left eye, mental retardation, depression, anxiety, bipolar disorder, and post-traumatic stress disorder.  (Tr. 37, 54, 114, 122).  Her applications were initially denied and that denial was upheld upon reconsideration.  (Tr. 54, 60).  Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ).  An administrative hearing was held on June 20, 2007.  (Tr. 12-36).  Plaintiff was present and represented by counsel.

At this time, plaintiff was 44 years of age and possessed a high school education. (Tr. 14, 17, 77, 362 ). She had past relevant work experience as a home health care provider and general worker for a temporary agency. (Tr. 19, 132-139).

On November 13, 2007, the ALJ found that plaintiff's major depression, personality disorder not otherwise specified; borderline to low average intellectual functioning; impaired vision in her left eye; osteoarthritis; and, pain in her hands, legs, and ankles were severe trauma to both knees post op and mood disorders were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 44). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to occasionally lift/carry 50 pounds occasionally and 25 pounds frequently; sit, stand, and walk for 6 hours during an 8-hour workday; and, frequently bilaterally grasp and finger. The ALJ concluded that plaintiff could not perform work requiring excellent vision and would be moderately limited in her ability to understand, remember, and carry out complex instructions; make judgments on complex work-related decisions; and, interact appropriately with supervisors and the public. (Tr. 49). With the assistance of a vocational expert, the ALJ found plaintiff could return to her PRW as a home healthcare aide and work as a machine tenderer/off bearer, cleaner, and assembler. (Tr. 51-53).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 17, 2009. (Tr. 1-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

**II.     Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Records indicate that plaintiff was treated for bilateral wrist pain during the relevant time period. On June 20, 2006, plaintiff complained of bilateral swelling in her legs, heartburn, and bilateral wrist pain. (Tr. 263). She reported heartburn as her most troubling problem. An examination revealed bilateral wrist tenderness and nervousness. Plaintiff was diagnosed with gastroesophageal reflux disease and bilateral wrist pain/osteoarthritis and prescribed Prilosec. (Tr. 263).

On August 15, 2006, plaintiff underwent a general physical examination with Dr. William Swindell. (Tr. 218-226). Plaintiff complained of carpal tunnel syndrome, bipolar disorder, osteoarthritis in her knees and ankles, poor vision in her left eye, mental retardation, and post-traumatic stress disorder. She reported burning pain in her hands that radiated into her shoulders. Plaintiff stated she had never actually been diagnosed with carpal tunnel syndrome or even undergone testing for it. She had merely diagnosed herself. However, Dr. Swindell noted that she did have symptoms that might be suggestive of carpal tunnel. The pain seemed to encompass her whole hand and not just the median nerve. Plaintiff also described poor vision in her left eye. She was not certain what was wrong with her eyes, but had experienced difficulties since childhood. Plaintiff was also plagued with emotional problems. Aside from the evaluation performed by Dr. Spray, she had never been diagnosed with any psychological problems. She was, however, raped by her brother when she was thirteen. Plaintiff described symptoms to include panic attacks with some phobia and significant problems being around crowds. Plaintiff indicated that her symptoms had worsened since her father's death in 2003 and

her mother's death in 2005.  She reported strained relations with her brother, sister, and son.  A physical examination revealed no range of motion limitations, muscle spasm, joint abnormalities or deformities, muscle weakness, or atrophy.  She could hold a pen and write; touch fingertips to palms; grip 50% with the right and 70% with the left; oppose thumb to fingers; pick up a coin although difficulty gripping was noted; stand and walk without assistive devices; walk on heel and toes; and, squat and arise from a squatting position.  Dr. Swindell diagnosed her with pain in the right wrist that could be carpal tunnel, but he was not convinced it was; osteoarthritis; emotional lability/panic attacks; and, questionable bipolar disorder.  He concluded that plaintiff's emotional issues were her primary limiting factor.  Dr. Swindell opined that the wrist pain and osteoarthritis were mildly limiting.  (Tr. 218-226).

In spite of plaintiff's obvious limitations in grip strength, the ALJ concluded that plaintiff could frequently grasp and finger and perform a full range of medium work that did not require excellent vision and with mental limitations.  He dismissed Dr. Swindell's determination that plaintiff had only a 50% grip strength in plaintiff's right hand and 70% grip strength in her left, stating that there was no documentation of testing undertaken to establish these limitations.  However, if the ALJ had a question concerning Dr. Swindell's assessment of plaintiff's grip strength, he should have contacted Dr Swindell to obtain clarification.  *See Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) (social security hearing is non-adversarial proceeding, and ALJ has duty to develop record fully; duty may include seeking clarification from treating physicians if crucial issue is undeveloped or underdeveloped); *Garza v. Barnhart*, 397 F.3d 1087, 1089-90 (8th Cir. 2005) (per curiam) (ALJ's duty to develop record fully and fairly exists even when claimant is represented by counsel).  Therefore, we can not say that substantial

evidence supports his decision to dismiss Dr. Swindell's opinion without clarification or his conclusion that plaintiff could grasp and finger frequently. Accordingly, we believe remand is necessary to allow the ALJ to reevaluate plaintiff's physical RFC. On remand, the ALJ should seek clarification from Dr. Swindell as to how he came about his determination that plaintiff had diminished grip strength.

We also note that in subsequent interrogatories, the vocational expert indicated that if plaintiff were only able to occasionally perform fine manipulation, it would preclude him from performing the jobs he had previously indicated that plaintiff could perform. (Tr. 180). As the evidence does suggest that plaintiff had additional gripping/manipulating limitations, we can not say that the testimony of the vocational expert supports the ALJ's decision. On remand, after clarification from Dr. Swindell, the ALJ should recall the vocational expert and pose a hypothetical question to him including the limitations indicated by Dr. Swindell's report.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of April 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)